BRUCE BUCHBINDER AND ELAINE F. BUCHBINDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buchbinder v. Commissioner
Docket No. 41563-85
United States Tax Court
T.C. Memo 1990-627; 1990 Tax Ct. Memo LEXIS 697; 60 T.C.M. (CCH) 1421; T.C.M. (RIA) 90627; December 13, 1990, Filed Bruce Buchbinder and Elaine F. Buchbinder, pro se. Paul J. Krug, for the respondent. NIMS, Chief Judge. NIMS
*2047 MEMORANDUM OPINION This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181, and 182. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *698 OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion for Partial Summary Judgment, filed December 29, 1989. The relevant facts are as follows. On their 1981 Federal income tax return, petitioners claimed a deduction in the amount of $ 77,558 for "cancellation of bilateral contract." By notice of deficiency, dated August 14, 1985, respondent disallowed this deduction and others and determined a deficiency in the amount of $ 65,952 and additions to tax under section 6653(a)(1) and (2). Petitioners filed a timely petition. At the time of filing the petition, petitioners resided in San Jose, California. The deduction for $ 77,558 was identified as arising out of alleged straddle transactions with Financial Securities Corporation (FSC). On January 17, 1989, respondent filed a Request for *2048 Admissions. The admissions contained, inter alia, the following: 22. The transactions between petitioners and FSC were illusory and fictitious. 23. The transactions between petitioners and FSC were shams devoid of any economic substance. 24. Petitioners' primary reason for entering into *699 these transactions with FSC was to achieve tax losses. Under Rule 90(c) "Each matter is deemed admitted unless, within 30 days after the service of the request * * *, the party to whom the request is directed serves upon the requesting party (1) a written answer * * * or (2) an objection * * *." Petitioners failed to answer or to object. On December 29, 1989, respondent filed a motion for partial summary judgment contending that the deemed admissions entitled him to summary judgment on the FSC issue. Petitioners filed an Opposition to Motion for Partial Summary Judgment and to Enlarge the Time to Answer Request for Admissions on February 20, 1990. In their opposition, petitioners, who are appearing pro se, blamed their failure to answer on advice purportedly given by their advisor. We have rejected that excuse. Alternatively, petitioners stated: a case has been decided in the Tax Ccourt [sic] * * *, Freytag v. Commissioner, * * * , on the same issue, the said [sic] investment, and type of deductions. * * * Petitioners are willing to be bound by the Appeals Court decision on Freytag * * *. In this case petitioners need *700 not waste additional court time, but can effectively have their facts decided, in line with Freytag. On March 22, 1990, the Court entered an order in which we stated that while there may be similarities between this case and , affd. , the cases could not be consolidated. We further stated that "before we act on respondent's Motion for Partial Summary Judgment, we will afford petitioners a final opportunity to be heard," and set the case for hearing in Dallas, Texas. At that hearing petitioner Bruce Buchbinder appeared and stated, inter alia: what I would like, * * * if it were possible, to stipulate -- if you could stipulate my case to the Freytag case, because I feel that * * * when the Freytag case is determined [by the Court of Appeals], I would be bound by this [sic] case and I believe that this [sic] case would set a precedent or it would be persuasive. The Court gave petitioners an additional 60 days to decide whether they wished to settle the case or go forward on the record in this case. That time was extended to September 20, 1990. The Tax *701 Court's opinion in Freytag was affirmed on July 6, 1990, and rehearing was denied on August 15, 1990. . On September 20, 1990, the Court received a "mailgram" from petitioner Bruce Buchbinder in which he stated: The First Western case (Freytag) is generally considered to be analogous to the Financial Securities Corporation case. However, after my review I am now of the opinion that certain findings of fact in Freytag and other similar cases may not apply to my case. To resolve this uncertainty I would like to obtain a copy of the Tax Court trial transcripts of Freytag so that I may review this case in greater detail.
On October 4, 1990, the Court ordered that, if a settlement document was not submitted on or before November 5, 1990, it would proceed with respondent's Motion for Partial Summary Judgment based on the admitted admissions and would also consider whether damages (now called a penalty) for delay under section 6673 should be imposed. The Court noted that petitioners had ample time to review the transcripts in Freytag. On November 1, 1990, petitioners filed a document entitled *702 "Motion for Judgment of Dismissal; Abuse of Agency Authority; Memorandum of Law" that we have filed as a Motion to Dismiss. That motion alleges that petitioners are not subject to Federal income taxes; that the income tax violates the uniformity clause; and that petitioners are not required to file income tax returns. In short, petitioners raise a multitude of arguments that have been rejected as frivolous by this Court and every court. See, e.g., ; ; . Petitioners' Motion to Dismiss will be denied without further comment. We turn to respondent's Motion for Partial Summary Judgment relating to the FSC issue. Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Until our opinion was affirmed, petitioners contended that *703 the FSC issue was controlled by , affd. . Freytag involved deductions for losses arising form straddle transactions of forward contracts for mortgage securities. Petitioners' case involves the same type of transactions. In *2049 Freytag, the Court found that the transactions were (1) "illusory and fictitious and not bona fide," and (2) Even if the transactions were bona fide transactions, the transactions were entered into primarily, if not solely, for tax-avoidance purposes." . Based on these findings, the Court disallowed the losses claimed. As set forth above, petitioners have admitted the same facts. Petitioners, therefore, have not satisfied us that there is any meaningful difference between their case and Freytag. Furthermore, as we noted in our order of October 4, 1990, petitioners have had ample opportunities to review the Freytag record and oppose respondent's motion by showing that there is a dispute of material fact. The opinion in Freytag was filed October 21, 1987, and the record in that case has been available *704 for inspection either in this Court or the Court of Appeals for over three years. During that period, petitioners repeatedly stated that there was no material difference between their case and Freytag. Even after our opinion in Freytag was affirmed and petitioner had a change of heart, they have not pointed out what material facts in their case may differ from those in Freytag. Accordingly, we do not find that there is any dispute as to the material facts. The purported transactions giving rise to the claimed loss deductions were illusory, fictitious, and devoid of economic substance. Under Freytag, the deductions are not allowable as a matter of law, and respondent's Motion for Partial Summary Judgment will be granted. Finally, we are compelled to note that we are left with the unfortunate conclusion that delay has been petitioners' objective throughout these proceedings in dealing with the FSC issue. This conclusion is reenforced by the frivolous nature of their last motion. There is, however, another issue that is not the subject of respondent's motion, and we cannot dispose of the case at this time. But, we strongly suggest that petitioners examine the *705 provisions of section 6673 before they chart their court for the remainder of this litigation. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.↩